Amy R. Patton, Bar No. 26735
arp@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
200 N. Pacific Coast Highway, Suite 825
El Segundo, California 90245
Telephone: (310) 689-1750
Facsimile: (310) 689-1755

and

Seth R. Ogden (*pro hac vice* to be filed)
sro@iplawgroup.com
Patterson Intellectual Property Law, P.C.
1600 Division Street, Suite 500
Nashville, TN 37203
Telephone: (615) 242-2400
Facsimile: (615) 242-2221

Attorneys for Plaintiff
BTL Industries, Inc.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| BTL INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> BELLA ESTETICA LLC and IVONE PALOMINO <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff BTL Industries, Inc. ("BTL") files this Complaint for patent infringement, trademark infringement, and unfair competition against Bella Estetica LLC ("Bella Estetica") and Ivone Palomino (collectively, "Defendants") and alleges as follows:

**PARTIES**

1. BTL is a Delaware corporation with a principal place of business at 362 Elm Street, Marlborough, Massachusetts 01752.

2. On information and belief, Bella Estetica is an Arizona Domestic Limited Liability Corporation with an address at 1011 North Arizona Avenue, Chandler, Arizona 85225, and has a statutory agent listed as Ivone Palomino with an address at 1088 West Dawn Drive, Tempe, Arizona 85284.

3. On information and belief, Ivone Palomino is the owner of Bella Estetica and is an individual residing at 1088 West Dawn Drive, Tempe, Arizona 85284.

4. On information and belief, Ivone Palomino is the active agent behind the activities of Bella Estetica.

**JURISDICTION AND VENUE**

5. Subject-matter jurisdiction over BTL's claims arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.* and the Lanham Act, 15 U.S.C. §§ 1051 and 1121, exist pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a)-(b).

6. Subject-matter jurisdiction for the trademark and unfair competition claims exists with respect to the claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over Bella Estetica and Ivone Palomino because they or their employees have committed acts of patent infringement under 35 U.S.C. § 271(a), (b), or (c), and are subject to this Court's jurisdiction under 28 U.S.C. § 1400(b).

8. This Court has personal jurisdiction over defendant Bella Estetica because it is an Arizona Domestic Limited Liability Corporation and has a principal place of business in this District.

9. This Court has personal jurisdiction over defendant Ivone Palomino because, on information and belief, Ms. Palomino resides in this District and is the owner of Bella Estetica.

10. Further, the acts complained of herein occurred in this District.

11. Similarly, the exercise of personal jurisdiction over Defendants comports with due process requirements of the United States Constitution because:

    (a) Defendants have purposefully established "minimum contacts" with the State of Arizona and this District; and

    (b) the exercise of personal jurisdiction over Defendants will not offend the traditional notions of fair play and substantial justice.

12. Therefore, this Court has specific and general jurisdiction over Defendants.

13. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and 1400(b) at least because Bella Estetica is an Arizona Domestic Limited Liability Corporation and has its principal place of business in this District, Ms. Palomino is the active agent behind Bella Estestica's actions, and because both Bella Estetica and Ms. Palomino are subject to personal jurisdiction in this District.

## BACKGROUND

14. BTL specializes in the innovation, development, and sale of equipment and treatments for the aesthetics industry in the United States. BTL and its affiliates developed proprietary technology that uses high-intensity, electromagnetic stimulation to tone and strengthen muscles in targeted areas. BTL applied its technology to develop a series of new and innovative, FDA-cleared devices and developed protocols for using the technology for aesthetic therapies. BTL denotes its

products and services that feature this technology with its EMSCULPT®, EMSCULPT NEO®, EMTONE®, EMSELLA®, EM®, and HIFEM® brands and other trademarks.

15. The first such device that BTL developed was the EMSCULPT® device, a standalone, non-invasive, FDA-cleared aesthetic body-contouring device. *See* **Exhibit 1**, attached hereto (BTL March 2019 Press Release).

16. BTL's EMSCULPT® device created a new market in which it quickly became the innovative industry leader. Before BTL launched the EMSCULPT® device in 2018, no other product used high-intensity, focused, electromagnetic technology to tone and firm muscle for non-invasive aesthetic body contouring.

17. The aesthetic industry has recognized BTL's innovation, hailing it as having taken "the aesthetics industry by storm;" praising BTL as being the first to apply high-intensity, focused, electromagnetic energy technology for aesthetics; and lauding the EMSCULPT® device as having "transformed treatment protocols." *See* **Exhibit 1**.

18. BTL's EMSCULPT NEO® device is FDA-cleared and uses high-intensity, electromagnetic energy to induce powerful muscle contractions—unachievable through typical voluntary contractions—to contour an individual's physique. *See* **Exhibit 2**, attached hereto (BTL Webpage Printout). The EMSCULPT NEO® device currently is cleared by the FDA as a non-invasive treatment for the abdomen, buttocks, arms, calves, and thighs. BTL markets and distributes its EMSCULPT NEO® device to healthcare professionals and licenses these professionals to provide treatment services using the device.

19. The EMSCULPT NEO® device has been a breakthrough development in the aesthetics industry, receiving plaudits from some of the industry's largest companies. For example, the EMSCULPT NEO® device won Dermascope.com's Aesthetician's Choice Award in 2022 and Glamour magazine described the device as "revolutionary." *See* **Exhibit 3**, attached hereto (Dermascope and Glamour Awards).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

### A.   The Asserted Patent

20. On November 19, 2019, the United States Patent and Trademark Office (the "USPTO") duly and lawfully issued U.S. Patent No. 10,478,634 (the "'634 Patent"), entitled "Aesthetic Method of Biological Structure Treatment by Magnetic Field" to BTL Medical Technologies S.R.O. A true and correct copy of the '634 Patent is attached to this Complaint as **Exhibit 4**, attached hereto (US10478634). The '634 Patent was exclusively licensed to BTL, and BTL possesses the exclusive right of recovery for any past, present, or future infringement of the '634 Patent, including equitable relief and damages.

### B.   BTL's Trademarks

21. BTL uses and licenses registered and unregistered trademarks and trade dress to market its aesthetic equipment and treatments in the United States, including the following federally registered marks, including trademarks for EMSCULPT®, EM®, EMSCULPT NEO®, and HIFEM® (collectively, the "BTL Trademarks"):

(a)   Registration No. 5,572,801 for EMSCULPT in Class 10 for, among other services, "medical apparatus and instruments for body toning and body shaping" and "medical apparatus and instruments for the removal of fat;"

(b)   Registration No. 6,069,279 for EMSCULPT in Class 44 for, among other services, "medical services;"

(c)   Registration No. 6,206,098 for stylized EM in Class 10 for, among other things, "apparatus and instruments for body toning and body shaping, and apparatus and instruments for the removal of fat" and in Class 44 for, among other things, "beauty salon services;" and

(d)   Registration No. 5,915,636 for EM in Class 10 for, among other things, "apparatus and instruments for body toning and body shaping, and apparatus and instruments for the removal of fat" and in Class 44 for, among other things, "beauty salon services."

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION

22.     BTL has continuously and exclusively used the BTL Trademarks and has never abandoned them. The BTL Trademarks are validly registered in the United States and are in full force and effect. True and correct status copies of the trademark registrations for each of the above trademarks, obtained from the Trademark Status Document Retrieval ("TSDR") database of the USPTO, are attached to this Complaint as **Exhibit 5**, attached hereto (TSDR Status Copies). These registrations constitute *prima facie* evidence of validity of the BTL Trademarks and BTL's exclusive right to use the BTL Trademarks under 15 U.S.C. § 1057(b).

23.     The BTL Trademarks, therefore, perform an important source-identifying function for BTL's aesthetic body-contouring devices like the EMSCULPT® and associated treatment services. The BTL Trademarks signify to purchasers that the body-contouring devices come from BTL, and the body-contouring services are rendered by BTL's devices and administered by BTL-trained and BTL-authorized service providers. The market reputation and consumer goodwill associated with the BTL Trademarks are of significant value to BTL.

## NATURE OF THIS ACTION

24.     This is a civil action brought by BTL arising out of Defendants' past and present patent infringement in violation of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*; past trademark infringement, unfair competition, false designation of origin, and false advertising under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); and common law trademark infringement and unfair competition.

25.     Upon information and belief, Defendants have since at least May 16, 2022, advertised services using devices bearing the marks EMSLIM and EMSCULPT and using the terms EMS Sculpting and EMSLIM as part of their advertising. On information and belief, Defendants' activity is ongoing, despite attorneys for BTL informing Defendants that their activities violate BTL's rights on at least five occasions. On May 16, 2022, attorneys for BTL sent via email and FedEx an initial

Notice Letter apprising Defendants of their infringing activities. On June 21, 2022, September 16, 2022, and October 21, 2022, follow-up emails were sent with no response. On June 13, 2023, a demand letter was sent via email and Federal Express detailing Defendants' willful and malicious infringement and notifying Defendants of their unauthorized use of BTL's trademarks and copyrighted images. Defendants did not respond to any of these communications. *See* **Exhibit 6**, attached hereto (Letters and Emails).

26. The images below are representative of Defendants' infringing conduct:



COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION





COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION

27. Defendants' use of EMSLIM and EMS SCULPTING are without BTL's authorization.

28. Upon information and belief, the EMSLIM and EMSCULPT devices that Defendants advertise ("Counterfeit Devices") are not authentic BTL devices yet are similarly advertised for toning muscles in a patient. Upon information and belief, the Defendants' Counterfeit Devices use time-varying magnetic fields that are applied to a patient's skin and held there using a flexible belt attached to an applicator that includes a magnetic-field-generating coil. Upon information and belief, the magnetic-field-generating coil generates a time-varying, magnetic field, and the device applies a magnetic flux of 50 T cm$^2$ to 1,500 T cm$^2$ and causes muscle contraction.

29. Upon information and belief, Ms. Palomino is the active, conscious force behind Bella Estetica's activities.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,478,634

30. BTL repeats and re-alleges paragraphs 1-29 as if fully set forth herein.

31. The '634 Patent is directed towards a method for toning muscles in a patient using time-varying magnetic fields. Claim 1 of the patent recites:

> A method for toning muscles in a patient using time-varying magnetic fields, the method comprising:
>
> placing a first applicator comprising a magnetic field generating coil in contact with a patient's skin or clothing at a body region of the patient, wherein the body region is an abdomen or a buttock;
>
> coupling the first applicator to the patient with an adjustable flexible belt so that the belt holds the first applicator to the patient's skin or clothing;
>
> providing energy to the magnetic field generating coil in order to generate a time-varying magnetic field; and
>
> applying a magnetic fluence of 50 T cm$^2$ to 1,500 T cm$^2$ to the body region, wherein the time-varying magnetic field is applied to the body region with a

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION

magnetic flux density sufficient to cause a muscle contraction in the body region.

32. For the reasons stated in paragraphs 25-29, Defendants' goods meet each and every limitation of at least claim 1 of the '634 Patent.

33. Defendants have directly infringed and induced infringement and continue to directly infringe and induce infringement, literally or under the doctrine of equivalents, of at least claim 1 of the '634 Patent by making, using, offering to sell, selling, or importing the Counterfeit Devices in the United States and by encouraging, promoting, and instructing customers to use the Counterfeit Devices in a manner that directly infringes the '634 Patent.

34. Defendants' infringement of the '634 Patent has been, and continues to be, willful and malicious. On information and belief, Defendants have been aware of the '634 Patent since before the filing of this Complaint and have infringed the '634 Patent willfully and deliberately and with knowledge that such conduct violates 35 U.S.C. § 271. Defendants were aware of BTL's products for the reasons stated in paragraphs 25-29, and BTL marked its products with a reference to its online patent listing at https://www.btlnet.com/patents. Moreover, BTL informed Defendants of their patent infringement by letter on May 16, 2022.

**COUNT II: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

35. BTL repeats and re-alleges paragraphs 1-29 as if fully set forth herein.

36. By using EMSLIM and EMS SCULPTING, Defendants are creating confusion among the consuming public as to the source, origin, sponsorship, and/or affiliation of the Counterfeit Devices and services with BTL.

37. Defendants' conduct relating to the BTL Trademarks is without authorization.

38. Defendants are thus in violation of 15 U.S.C. § 1114 regarding the BTL Trademarks and 15 U.S.C. § 1125(a) regarding the use of EMSLIM, EMSCULPT,

1. EMS SCULPTING, or other, confusingly similar terms.

39. Upon information and belief, Ivone Palomino is the active agent behind the actions of the other Defendants.

40. Defendants' actions have caused BTL irreparable harm for which BTL is entitled to a permanent injunction under 15 U.S.C. § 1116.

41. Such acts further cause harm to BTL for which BTL is entitled to recover actual damages as well as the costs of any necessary corrective advertising.

42. Because Defendants' conduct is willful, malicious, and exceptional, BTL is entitled to an accounting of profits, attorneys' fees, and multiplied damages.

## COUNT III: FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125

43. BTL repeats and re-alleges paragraphs 1-29 as if fully set forth herein.

44. Defendants have no right to use the BTL Trademarks in connection with their goods and/or services, yet Defendants have passed off their goods and/or services to the public as if they were BTL's goods.

45. Defendants have falsely held themselves out to customers and potential customers as being connected with BTL.

46. Defendants have acted with intent to confuse or deceive the public as to the source and origin of their goods and services.

47. The public has in fact been confused or deceived by the source and origin of Defendants' goods and services.

48. Upon information and belief, Ivone Palomino is the active agent behind the conduct of the other Defendants.

49. Defendants' unlawful conduct constitutes unfair competition under 15 U.S.C. § 1125.

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

50. BTL repeats and re-alleges paragraphs 1-29 as if fully set forth herein.

51. Defendants have without authorization, intentionally, willfully, and maliciously used the BTL Trademarks and confusingly similar variations of these trademarks to promote, market, offer for sale, and sell their goods and services.

52. Defendants' actions have caused and are likely to cause consumer confusion for the reasons stated in paragraphs 25-29.

53. Defendants' actions have caused and will continue to cause BTL to sustain actual damages and lost profits in this District.

54. BTL has no adequate remedy at law and will continue to suffer irreparable harm unless Defendants are enjoined.

55. Because of Defendants' unlawful conduct as alleged above, BTL has been substantially injured and is entitled to damages and profits attributable to the unlawful conduct, which are presently indeterminate, and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE BTL requests entry of judgment against Defendants as follows:

A. A judgment that Defendants have infringed one or more claims of U.S. Patent No. 10,478,634 in violation of 35 U.S.C. § 271(b)-(c);

B. An award of damages for infringement of the '634 Patent, with said damages to be trebled because of the intentional, willful, and malicious nature of Defendants' infringement, as provided by 35 U.S.C. § 284;

C. A judgment that Defendants have willfully and maliciously infringed one or more claims of the '634 Patent;

D. A determination that this case is "exceptional" under 35 U.S.C § 285 and an award of BTL's reasonable attorneys' fees;

E. An order permanently enjoining Defendants, their officers, directors,

employees, agents, and all persons acting in concert with them, from infringing the '634 Patent;

F. A judgment that Defendants have violated the Lanham Act, 15 U.S.C. § 1114, by committing acts of trademark infringement;

G. A judgment that Defendants' use of the EMSCULPT mark, as alleged in the Complaint, infringes BTL's EMSCULPT® trademark;

H. A judgment that the EMSLIM and EMS SCULPTING marks are confusingly similar to BTL's EMSCULPT® trademarks and that Defendants' use of that mark, as alleged in this Complaint, infringes BTL's EMSCULPT® trademark;

I. A judgment that the EMSLIM and EMS SCULPTING marks are confusingly similar to BTL's EM® trademark and that Defendants' use of that mark, as alleged in this Complaint, infringes BTL's EM® trademark;

J. A judgment that Defendant Ivone Palomino's conduct in violating BTL's Trademarks was willful and malicious;

K. A judgment that Defendants have violated the Lanham Act, 15 U.S.C. § 1125(a), by committing acts of federal unfair competition, false designation of origin, and false advertising;

L. An award of damages for Defendants' infringement of the BTL trademarks, including Defendants' profits, any damages sustained by BTL, and the costs of the action as provided by 15 U.S.C. § 1117(a), with said damages to be trebled because of the intentional, willful, and malicious nature of Defendants' infringement, as provided by 15 U.S.C. § 1117(b);

M. A judgment that this case is "exceptional" under 15 U.S.C. § 1117(a) and an award of reasonable attorneys' fees;

N. An award of damages against Defendants as a result of their wrongful acts against BTL in an amount to be proved at trial;

O. An award of any and all of Defendants' profits arising from the foregoing acts;

    P.    An award of pre- and post-judgment interest of any monetary damages at the highest rate allowed by law;

    Q.    Permanent injunctive relief enjoining Defendants from:

        i.    using the BTL Trademarks or any confusingly similar marks, in any manner in connection with the promotion, marketing, advertising, offering for sale, or sale of any good or service that is not a good or service offered by a genuine BTL product, or is not authorized by BTL to be offered in connection with the BTL Trademarks;

        ii.    passing off, inducing, or enabling others to sell or pass off any good or service as a good or service offered by a genuine BTL product, or any other good or service offered by BTL, that is not BTL's or not offered under the authorization, control, or supervision of BTL and approved by BTL for sale under the BTL Trademarks;

        iii.    committing any acts calculated to cause consumers to believe that Defendants' goods or services are those sold under the authorization, control, or supervision of BTL, or are sponsored by, approved by, or otherwise connected with BTL; and

        iv.    further infringing BTL's trademarks and damaging BTL's goodwill.

    R.    An award of BTL's costs and expenses in this action; and

    S.    For such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: July 31, 2023

/s/ *Amy R. Patton*
Amy R. Patton
arm@paynefears.com
PAYNE & FEARS LLP
200 N. Pacific Coast Highway, Suite 825
El Segundo, California 90245
Telephone: (310) 689-1750
Facsimile: (310) 689-1755

and

Seth R. Ogden (*pro hac vice* to be filed)
sro@iplawgroup.com
Patterson Intellectual Property Law, P.C.
1600 Division Street, Suite 500
Nashville, TN  37203
Telephone: (615) 242-2400
Facsimile:  (615) 242-2221

Attorneys for Plaintiff
BTL Industries, Inc.

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff BTL Industries, Inc. respectfully demands a trial by jury of any issues triable of right by a jury.

DATED: July 31, 2023

/s/ Amy R. Patton
Amy R. Patton
arm@paynefears.com
PAYNE & FEARS LLP
200 N. Pacific Coast Highway, Suite 825
El Segundo, California 90245
Telephone: (310) 689-1750
Facsimile: (310) 689-1755

and

Seth R. Ogden (*pro hac vice* to be filed)
sro@iplawgroup.com
Patterson Intellectual Property Law, P.C.
1600 Division Street, Suite 500
Nashville, TN 37203
Telephone: (615) 242-2400
Facsimile: (615) 242-2221

Attorneys for Plaintiff
BTL Industries, Inc.

4874-4020-41471

COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION